Connors, Thomas A., J.
The plaintiffs, Edson Teles Marchado, Jocilene Da Silva, Stenio Ferreira, Poliane Santos, Glauces de Oliveira Santos, and Luiz Santos, on behalf of themselves and all others similarly situated, have filed this action against the defendants, NECCS, Inc., doing business as System 4 of Boston, LLC and System 4, LLC (System 4). The lawsuit relates to the latter’s operation of a cleaning service business. The substance of the complaint alleges that the defendant has utilized the services of the named plaintiffs and the others similarly situated under the guise of a “franchisee” relationship when, the relationship between the parties was, in fact, that of employer and employee under governing Massachusetts law. While the plaintiffs’ complaint asserts eight separate counts, at its heart is an allegation of statutory violation of the Massachusetts Wage Act, G.L.c. 149, §§148 and 150, effected through the expedient of misclassifying those employees as independent contractor/franchisees to the end of advancing improperly the defendant’s financial benefit.
While the initial complaint had named a single plaintiff, Machado, a First Amended Complaint was filed which added additional members of the class of purported franchisees of System 4’s cleaning business. That complaint makes plain that it is being brought under Mass.R.Civ.Pro. 23 as a class action on behalf of all persons falling within the category of such franchisees who are alleged to have been improperly categorized. (First Amended Complaint, ¶11.) As of the time of this decision, however, no class has yet been certified under the Rule.
Factual and Procedural Background
After the complaint had been amended, the defendant moved to stay proceedings, alleging that the plaintiffs were bound to proceed to arbitration under a provision which was .contained in the franchisee agreements that the plaintiffs had signed. After hearing, this court, Brady, J., denied that motion on October 12, 2010. The basis of that denial as set forth in the court’s endorsement stated that the contractual provision upon which the defendant was relying, purporting to preclude class actions under c. 93A and Wage Act violations and multiple damages, was invalid as in contravention of public policy, and it cited Feeney v. Dell, 454 Mass. 92 (2009).
*156 The defendant sought reconsideration of the court’s ruling, contending that a subsequent United States Supreme Court decision, AT&T Mobility v. Concepcion, 131 S.Ct. 1740, 1746 (2011), had effectively undercut the validity of the Feeney decision on the basis of federal preemption. The court by order of December 19, 2011 denied that motion to reconsider. The defendant then filed an appeal of the trial court ruling, and that appeal is presently pending in the Supreme Judicial Court which had granted application for direct appellate review.
The plaintiff has now filed this emergency motion in this court which seeks to bar the defendant from attempting to secure from claimed franchisees who are members of the purported class releases of any claims related to past Wage Act violations.[1] In support of its motion, it has filed an affidavit of one such member, Luis Ribeiro, who outlined what the plaintiffs allege to have been System 4’s unfair and misleading attempts to secure from him a release of his potential past Wage Act claim.
System 4 for its part does not dispute that it has been approaching franchisees who are putative members of the class described in the First Amended Complaint and seeking their approval to new contracts with the company to replace the original claimed franchisee agreements. It contends that this is part of a process the company is undertaking to restructure its business model. It does not dispute that the agreements that it has proffered the putative members of the class do contain an express waiver of any past Wage Act violation for which that person might be entitled to seek relief. It is also undisputed that no notice is provided to the parties being presented with the new agreement containing the release provision that the present action is pending asserting claims for damages against System 4 for its alleged violation of those persons’ rights based upon their misclassification as franchisees rather than employees.
System 4 does strenuously dispute the claims made in the Ribeiro affidavit of unfair and oppressive tactics being utilized to extract from its claimed franchisees the release of past claims. It has included with its opposition affidavits of three persons who dispute Ribeiro’s factual contentions. The three are its president, Jonathan Caffrey, and two of its employees, Mireille DaSilva and Vandy Burrato, both of whom apparently are utilized to communicate in Portugese language with System 4’s claimed franchisees.
The court conducted a non-evidentiaiy hearing on the plaintiffs’ emergency motion on April 11, 2012.
Ruling
The determination of the plaintiffs’ application for injunctive relief, pending the resolution of this litigation, is governed by the familiar standard set forth in Packaging Industries Group, Inc. v. Cheney, 380 Mass. 609 (1984). First, the judge must determine the likelihood of ultimate success on the merits on the part of the party seeking the grant of pre-trial injunctive relief. Id., at616. Second, the judge must examine whether failure to issue the injunction would cause the moving parly “to suffer a loss of rights that cannot be vindicated should it prevail after a full hearing on the merits.” Finally, the judge must balance this risk against any similar risk which granting the injunction would create for the opposing party. Id. “What matters as to each party is not the raw amount of irreparable harm the party might conceivably suffer, but rather the risk of such harm in light of the party’s chance of success on the merits. Only when the balance between these risks cuts in favor of the moving party may a preliminary injunction properly issue.” Id.
Here the plaintiffs demonstrate the likelihood of success on the merits. The plaintiffs have already prevailed in this court in opposing System 4’s efforts to stay the case on the basis of its contention that it had secured a valid waiver of any rights to participate in a class action or to secure multiple damages for Wage Act or other violation. This court has ruled that these claimed contractual provisions upon which System 4 seeks to rely are void as against public policy. While System 4 is pursuing its appellate rights to seek to overturn this ruling, it is presently and indisputably the law of the case.
Further, as the plaintiffs argue, their claims, that the largely immigrant non-English speaking persons whom System 4 has sought to designate as strictly independent contractor/franchisees in a bilateral commercial relationship are in reality employees who have been unfairly deprived of their rights to compensation under the Wage Act does find support under governing caselaw. See Awuh et al. v. Coverall North America, Inc., 460 Mass. 484, 496-97 (2011); Awuah et al v. Coverall North America, Inc., 707 F.Sup. 80, 84-85 (D.Mass. 2010) (cleaning workers designated by defendant as “franchisees” were in reality employees under the provisions of the Massachusetts Wage Act).
On the issue of irreparability, the plaintiffs argue that System 4 is acting with purpose to pare away members of the potential class which might benefit from a favorable disposition of its Wage Act-centered claims through presenting to them on an individual basis a revamped franchising agreement which specifically includes the waiver of such past claims. The Plaintiffs acknowledge that System 4 does have ongoing relationships with those individuals in its business which well may necessitate interaction. However, it notes that these persons are being asked at this juncture to waive rights to a lawsuit of which they may well be unaware and of which System 4 is providing them no notice. It argues that members of the putative class will suffer irreparable harm by virtue of being induced to sign away rights of which they may well not be cognizant as part of a process in which agreements are presented to them in the course of their ongoing relationship with System 4.
System 4 argues two primaiy grounds in its opposition to this claim by the plaintiffs. First it contends that allowance of a preliminary injunction will work to the detriment of the cleaning worker/franchisees, de *157 priving them of the right to contract freely as independent persons with System 4. Secondly, it disputes that these persons would be unaware of this lawsuit, citing certain publicity concerning the existence of the action through notices at a local Immigrant Center and mention on the plaintiffs’ attorney’s internet web-site.
In the circumstances of this case, the potential harm outlined by plaintiffs outweighs that posited by System 4 as befalling it from allowance of the request to bar the securing of waivers from putative class members. The right which the claimed franchisees would waive, given the potential for success with the Wage Act claim against System 4, is a substantial one, and one which a putative class member may forfeit both unknowingly and irrevocably through executing a new agreement. On balance, prohibition directed at System 4 to prevent its securing of a waiver of past claims from alleged franchisees simply will not affect similar hardship. Indeed, if System 4’s position that the persons in question are legitimately independent contractors and not employees finds ultimate vindication in this lawsuit, then it loses nothing through the inability to have secured releases of past Wage Act claims.
Finally, System 4 disputes the appropriateness of the relief sought by the plaintiffs, pointing again to the impact on the rights of those parties not presently in the lawsuit and noting that no class has yet been certified. The plaintiffs’ lawsuit asserts that it is seeking to advance the legal interests of the discrete class of persons who have entered into agreements as purported franchisees with the defendant. The plaintiffs’ claim for representative status under Rule 23 on behalf of the interests of the group appears strongly plausible and their non-inclusion at present as parties does not appear to bar the relief sought in the circumstances of this case.
In assessing a party’s likelihood of success on the merits on any application for preliminary injunctive relief, a court is required to make its ruling upon a record which has not been fully developed and for that reason, it is, of course, not in a position to predict the outcome on the merits with absolute certainty. See Ross-Simons of Warwick, Inc. v Baccarat, Inc., 102 F.3d 12, 16 (1st Cir. 1996). See also Hull Municipal Lighting Plant v. Massachusetts Municipal Wholesale Elec. Co., 399 Mass. 640, 645 (1987) (“. .. a preliminary injunction, by definition, must be granted or denied after an abbreviated presentation of facts and law”). On the materials that have been submitted in connection with this motion, the plaintiffs have sustained their burden of establishing likelihood of success on the merits and also carried the burden relating to the balance of the risk of the greater harm, and their request for preliminary injunction is allowed.[2]
Order
Pending the Disposition of this action or until further order of this court, the defendants, NECCS, Inc., d/b/a System 4 of Boston, LLC, and System 4, LLC are hereby enjoined from seeking to secure releases of liability for past Wage Act violations and related claims from persons whom it claims to have engaged as independent contractors or franchisees.

 krhe plaintiffs had initially filed this motion at the Supreme Judicial Court where the appeal of the denial of the defendant’s motion for stay of proceedings is pending, but were directed by that Court to file their application for relief in the Superior Court.

 The plaintiffs request for relief goes beyond the prohibition directed toward System 4’s soliciting of releases which the court is ordering, and seeks the turning over by that company of lists of persons with whom it has been in touch as well as lists of members of the putative class as a whole. The court declines to order this affirmative injunctive relief sought.